IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Felipe Ramirez, #56105-112 | ) | C/A No.: 1:14-1765-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Andrew Mansukhani, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Felipe Ramirez, proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his federal sentence. Petitioner is imprisoned at the Federal Correctional Institution in Estill, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment. [ECF No. 16]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 17]. Petitioner filed a timely response on September 18, 2014. [ECF No. 25].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment.

I. Factual and Procedural Background

On October 7, 2008, state authorities in San Bernardino, California, arrested Petitioner for transportation of controlled substance. [ECF No. 16-1 at ¶ 4]. The state court sentenced Petitioner on January 13, 2009, to consecutive terms of four years for transportation of controlled substance and three years for a probation violation, with credit for 120 days. *Id.* at ¶ 5.

On May 5, 2009, while in state custody, Petitioner was temporarily transferred to federal custody for prosecution pursuant to a federal writ of habeas corpus *ad prosequendum* ("Writ"). *Id.* at ¶ 6, pp. 23, 26. On July 12, 2010, the federal court sentenced Petitioner to 186 months for conspiracy to possess with the intent to distribute methamphetamine (*U.S. v. Ramirez,* Cr. No. 09-229-GAF-2). *Id.* at ¶ 7, pp. 29–34. The court ordered that the federal sentence was to run concurrent to the undischarged term of imprisonment imposed by the state court. *Id*. at 29. After his sentencing hearing, Petitioner was returned to state custody with the federal judgment lodged as a detainer. *Id.* at ¶ 7.

On November 10, 2010, the California Department of Corrections granted Petitioner parole and Petitioner was released to the federal detainer to complete the service of the 186-month federal sentence. *Id.* at ¶ 8, pp. 25–27. On December 2, 2010, the BOP designated the California Department of Corrections for service of the remainder of the federal sentence. *Id.* at ¶ 9, p. 36.

Based upon this history, Respondent calculates Petitioner's federal sentence as having commenced on July 12, 2010, the day of imposition. *Id.* at ¶ 13. Respondent states that the BOP applied 98 days of prior custody credit, from the date of arrest by state authorities on October 7, 2008, through January 12, 2009, the day before the state sentence was imposed. *Id.* The BOP calculates Petitioner's current projected release date via Good Conduct Time as October 30, 2023. *Id.* at ¶ 19.

Petitioner challenges the manner in which he is serving his federal sentence and requests that the court award federal sentencing credit for the time spent in "official detention" between October 7, 2008, and July 12, 2010. [ECF Nos. 1 at 8; 1-1 at 13].

II.     Discussion

    A.     Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6)

motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Respondent, in his motion, presented to the court matters outside the pleadings that the undersigned did not exclude, the court will treat Respondent's motion to dismiss for failure to state a claim as one for summary judgment.[1]

B. Analysis

Respondent does not contest whether Petitioner has exhausted his administrative remedies with respect to these claims. [ECF No. 16 at 3]. Accordingly, these claims are addressed on their merits.

1. Federal Sentence Computation Generally

It is well established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." *United States v. Hayes*, 535 F.3d 907, 909–10 (8th Cir. 2008), *cert. denied*, 556 U.S. 1185 (2009).

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585.

[1] The undersigned informed Petitioner of the court's intention to treat Respondent's motion as one for summary judgment and advised Petitioner to present all materials pertinent to the motion in his response. [ECF No. 19]. Petitioner thereafter filed his response. [ECF No. 25].

2. Commencement of Sentence

A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). It is undisputed that Petitioner's sentence commenced on July 12, 2010, the day it was imposed. [ECF No. 16-1 at 29].

3. Prior Custody Credit

Petitioner argues that he is entitled to credit toward his federal sentence for the time he spent in "official detention," from October 7, 2008, through July 12, 2010. [ECF No. 1 at 9]. The BOP gave Petitioner 98 days of prior custody credit for the period of time beginning October 7, 2008, through January 12, 2009. [ECF No. 16-1 at ¶ 13]. At issue is the time Petitioner spent in custody from January 13, 2009, to July 11, 2010.

Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337; *see also United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) (holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

Petitioner argues that, at a minimum, he is entitled to prior custody credit for the time he was "borrowed" from California pursuant to the Writ, from May 4, 2009 to July 11, 2010. [ECF No. 25 at 7]. Respondent states that Petitioner's sentence has been computed correctly. [ECF No. 16 at 8].

Petitioner is not entitled to credit for the time he was borrowed from state officials pursuant to the Writ. A defendant's sentence does not begin to run when he is present in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. *See Evans*, 159 F.3d at 912 (holding that the state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court pursuant to such a writ); *see also Thomas v.*

*Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (stating that "[a] prisoner is not even in custody for purposes of [beginning a federal sentence] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities"). Further, a defendant is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was credited against his state sentence. *Williamson v. Pettiford*, C/A No. 8:07-3739, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008); *Jimenez v. Warden, FDIC, Fort Devens Massachusetts*, 147 F. Supp. 2d 24, 29 (D. Mass. 2001). The California Department of Corrections gave Petitioner credit towards his state sentence for the time he was in federal custody. [ECF No. 1-5 at 5–6]. Accordingly, this period of time cannot be credited against Petitioner's federal sentence.

        4.        Concurrent State and Federal Sentences

Petitioner also argues that he was entitled to a *nunc pro tunc* designation for the period from October 7, 2008, to July 11, 2010, because the state court ordered his state and federal sentences to run concurrently. [ECF No. 25 at 4–5, 8–9]. This argument is without merit. A state court's judgment does not create an entitlement to concurrent state and federal sentences. *See Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3rd. Cir. 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."). While the state sentencing court may have desired its sentence to run concurrently with the

federal sentence, it did not have any authority to commence Petitioner's uncommenced federal sentence. *See* 18 U.S.C. § 3585(a); *see also Meagher v. Clark*, 943 F.2d 1277, 1281 (11th Cir. 1991) (holding an inmate could not receive credit on his federal sentence for prior time served on a state sentence, even though the state plea agreement provided that the state and federal sentences would be concurrent).[2]

III. Conclusion

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion for summary judgment [ECF No. 16], deny the petition for writ of habeas corpus and dismiss the petition with prejudice and without an evidentiary hearing

IT IS SO RECOMMENDED.

January 27, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

[2] To the extent Petitioner argues that the federal court ordered his federal sentence to be run concurrently to the discharged portion of his state sentence [ECF No. 25 at 2–5], the undersigned has reviewed Petitioner's judgment and commitment order, and the referenced order reflects no such relief was ordered by the court. [ECF No. 16-1 at 29].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).